**CV 14-3836**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
ANDREW PRIETO,

                                      Plaintiff,

   -against-

THE CITY OF NEW YORK, and School Safety Officers presently known as JOHN DOES (1-3) Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

                                      Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

GLASSER, J.

REYES, M.J

Plaintiff, ANDREW PRIETO, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and of rights secured under the laws and Constitution of the State of New York and the United States of America.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

4. The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against

all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

5. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

6. On or about January 7, 2014, and within (90) days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendants, THE CITY OF NEW YORK, and school safety officers presently known as JOHN DOES (1-3), Notices of Claim setting forth all facts and information required under the General Municipal Law §50(e).

7. Defendants, THE CITY OF NEW YORK, and school safety officers presently known as JOHN DOES (1-3) have wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

8. Defendants, THE CITY OF NEW YORK, and school safety officers presently known as JOHN DOES (1-3) conducted a hearing pursuant to General Municipal Law § 50-h on March 12, 2014 of plaintiff ANDREW PRIETO.

9. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

10. Plaintiff has complied with all conditions precedent to maintaining the instant action.

11. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## JURY DEMAND

12. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

13. Plaintiff, ANDREW PRIETO, is, and has been, at all relevant times, a resident of Queens County, New York.

14. Defendant, THE CITY OF NEW YORK, is and was at all times relevant herein a

municipal entity duly organized and existing under and by virtue of the laws of the State of New York.

15. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK. Defendant, THE CITY OF NEW YORK, assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

16. At all times relevant to the action herein, defendant THE CITY OF NEW YORK hired, screened, trained, instructed, managed and supervised its police officers.

17. Defendants presently known as "JOHN DOE 1," "JOHN DOE 2," and "JOHN DOE 3" are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents acting under the supervision of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to the Grover Cleveland High School. The defendants were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The defendants are sued herein in their official and individual capacities.

18. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

19. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

20. Each and all of the acts of the defendants alleged herein were done by said defendants

while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

21. At all times herein mentioned, defendant CITY OF NEW YORK was under an obligation to use reasonable care in the hiring, training, retention, and supervision of its employees.

## FACTS

22. On or about December 4, 2013, at approximately 9:30 a.m., plaintiff, ANDREW PRIETO, was lawfully present in the vicinity of his school, Grover Cleveland High School, at or near 27-21 Himrod Avenue, Queens, New York.

23. At that time and place, the plaintiff was walking at or near 27-21 Himrod Avenue, Queens, New York, when NYPD officer presently known as Defendant "JOHN DOE" 1, approached Plaintiff and requested that Plaintiff produce his identification. Plaintiff advised Defendant "JOHN DOE" 1 that he had forgotten his identification at home.

24. Thereafter, Defendant "JOHN DOE" 1 grabbed one of Plaintiff's arms, at which time Plaintiff attempted to gain entry to Grover Cleveland High School. Defendant "JOHN DOE" 1 then tackled Plaintiff and pinned him forcefully to the ground with his knee in Plaintiff's back, at the entranceway of the school.

25. Thereafter, Defendants "JOHN DOE" 2 and "JOHN DOE" 3 surrounded Plaintiff while Defendant "JOHN DOE" 1 subdued Plaintiff ANDREW PRIETO with unnecessary force. Defendants "JOHN DOE" 2 and "JOHN DOE" 3 then aggressively applied handcuffs, which were excessively tight, to Plaintiff ANDREW PRIETO. At no time, did Plaintiff use any physical threat or intimidation toward Defendant officers "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3.

26. At no time on December 4, 2013 did Plaintiff ANDREW PRIETO commit any crime or violation of law.

27. At no time on December 4, 2013 did Defendants "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3 possess probable cause to arrest Plaintiff ANDREW PRIETO.

28. At no point did Plaintiff ANDREW PRIETO resist arrest and at no point was force

4

used necessary, let alone the actual force that was used by Defendants "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3 on Plaintiff ANDREW PRIETO.

29. At no time on December 4, 2013 did Defendants "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3 possess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiff ANDREW PRIETO.

30. As a result of the foregoing, plaintiff, ANDREW PRIETO sustained, *inter alia*, physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

32. All of the aforementioned acts of Defendants "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3 and the CITY OF NEW YORK, their agents, servants and employees, were carried out under the color of state law.

33. All of the aforementioned acts deprived Plaintiff, ANDREW PRIETO, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

34. The acts complained of were carried out by the aforementioned individual Defendants "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3 in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual Defendants "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3 in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3, collectively and

individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

37. Plaintiff ANDREW PRIETO, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

38. Defendants "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3 arrested, searched, and detained Plaintiff ANDREW PRIETO in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff' liberty, well-being, and safety, and violate their constitutional rights.

39. The acts complained of were carried out by the aforementioned individual Defendants "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3 in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by the aforementioned individual Defendants "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3 in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

41. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv. failing to properly train police officers in the requirements of the United States Constitution.

42. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY

OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct.

43. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, ANDREW PRIETO.

44. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

45. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

46. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was placed under arrest unlawfully.

47. Defendants "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

48. Defendants "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

49.     All of the foregoing acts by Defendants "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3 deprived plaintiff of federally protected constitutional rights.

### THIRD CLAIM FOR RELIEF FOR FALSE ARREST UNDER 42 U.S.C. § 1983

50.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

51.     As a result of the conduct of Defendants "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3, Plaintiff ANDREW PRIETO was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

52.     As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

53.     Plaintiff, ANDREW PRIETO, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

54.     The force employed by Defendants "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3 was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

55.     Specifically, it was unreasonable for Defendant "JOHN DOE" 1 to grab plaintiff and tackle him to the ground while Defendants "JOHN DOE" 2 and "JOHN DOE" 3 surrounded plaintiff and applied handcuffs that were excessively tight.

56.     As a result of the foregoing, plaintiff, ANDREW PRIETO, suffered a violation of his constitutional rights.

57.     Defendants, "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3, collectively and

individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

58. Defendants "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

59. All of the foregoing acts by Defendants "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3 deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## PENDANT STATE CLAIMS
## FIFTH CLAIM FOR RELIEF
## FOR ASSAULT AND BATTERY UNDER NEW YORK LAW

60. Plaintiff, ANDREW PRIETO, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

61. At the aforesaid place and time, the individually named Defendants, "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3 did cause plaintiff, ANDREW PRIETO, to be unlawfully assaulted and battered, without cause or provocation.

62. The aforesaid assault and battery were caused by the individually named Defendants, "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3 while acting within the scope of their employment by defendants, THE CITY OF NEW YORK.

63. As a result of the aforesaid assault and battery, Plaintiff, ANDREW PRIETO, was injured, both physically and mentally.

## SIXTH CLAIM FOR RELIEF
## FOR FALSE ARREST UNDER NEW YORK LAW

64. Plaintiff, ANDREW PRIETO, repeats, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

65. As a result of the aforesaid conduct by Defendants, "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3, Plaintiff ANDREW PRIETO was subjected to illegal, improper and false arrest by the Defendants, "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege or consent.

66. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

67. As a result of the foregoing plaintiff, ANDREW PRIETO, was caused to sustain physical and emotional injuries.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

68. Plaintiff, ANDREW PRIETO, repeats, reiterate and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

69. Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

70. Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

71. Due to the negligence of individual Defendants, "JOHN DOE" 1, "JOHN DOE" 2 and "JOHN DOE" 3 as set forth above, Plaintiff ANDREW PRIETO suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

    iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

    iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
June 19, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By:    RYAN J. LAWLOR (RL-7354)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

11